J-S01012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :
               v.           :
                            :
                            :
STEPHEN FREDERICK BAKER, JR.  :
                            :
           Appellant        :  No. 658 MDA 2024

Appeal from the PCRA Order Entered April 11, 2024
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000013-2005

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MAY 22, 2025**

Appellant Stephen Frederick Baker, Jr. appeals *pro se* from the order dismissing his petition for *habeas corpus* as an untimely serial petition under the Post-Conviction Relief Act[1] (PCRA).  Appellant argues that his *habeas* petition is not subject to the PCRA's time limitations, and that he was entitled to substantive relief on his claims.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties.  ***See Commonwealth v. Baker***, 951 A.2d 1204 (Pa. Super. 2008) (unpublished mem.); ***see also Commonwealth v. Baker***, 258 A.3d 507, at *1-4 (Pa. Super. filed June 8, 2021) (unpublished mem.).  Briefly, on September 11, 2006, Appellant pled guilty to two counts of second-degree

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

murder and related offenses. That same day, the trial court sentenced Appellant to a term of life imprisonment.

On February 20, 2024, Appellant filed the instant *pro se* petition seeking *habeas corpus* relief. Therein, Appellant challenged the constitutionality of the second-degree murder statute set forth at 18 Pa.C.S. § 1102(b) based on the "Federal Constitution's Due Process Void for Vagueness Doctrine." **See** *Pro Se* Pet. for *Habeas Corpus*, 2/20/24, at 1, 5-20.

On April 11, 2024, the PCRA court issued an order and opinion dismissing Appellant's petition as an untimely PCRA petition.[2] **See** PCRA Ct. Order & Op., 4/11/24, at 1-2.

Appellant filed a timely notice of appeal. In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court issued an order adopting its order and opinion dismissing Appellant's petition as untimely. **See** PCRA Ct. Order, 6/24/24.

On appeal, the Appellant raises the following issues:

---

[2] Although the PCRA court did not issue a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, the PCRA court noted that Appellant's petition fell "squarely in" the category of cases where the failure to file a Rule 907 notice is not reversible error. **See** PCRA Ct. Op. at 5; **see also Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (stating that a PCRA court's failure to file a "Rule 907 notice is not reversible error where the record is clear that the petition is untimely"). In any event, because Appellant did challenge this omission on appeal, that issue is waived. **See Zeigler**, 148 A.3d at 851 n.2; **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver" (citation omitted)).

1. Did the PCRA court abuse its discretion in holding that the petition for writ of *habeas corpus ad subjiciendum* is a petition for relief under the [PCRA]?

2. Does the Pennsylvania penal statute of 18 Pa.C.S. § 1102(b) violate due process and is [it] unconstitutional under the federal void for vagueness doctrine?

3. Does the Sentencing Code (specifically 42 Pa.C.S. § 9756) repeal 18 Pa.C.S. § 1102 by implication and void any authority for [Appellant's] continued incarceration?

4. Are the Pennsylvania courts interpreting the PCRA statutes in such a way that is "plainly untenable" and/or an "obvious subterfuge" to eliminate the right to state *habeas corpus* (after conviction) and evade consideration of federal questions?

Appellant's Brief at viii (formatting altered).

Appellant argues that the PCRA court erred in treating his filing as a PCRA petition. *Id.* at 1. Specifically, Appellant claims that Section 1102(b) is void for vagueness and that the PCRA does not provide a remedy "for a challenge to the constitutionality of a statute or a challenge to the implied repeal of a statute." *Id.* at 2-4. Appellant also argues that Section 1102(b) is inconsistent with Section 9756 of the Sentencing Code. *Id.* at 26. Finally, Appellant concludes that he is not eligible for relief under the PCRA statute and that a writ of *habeas corpus* is the only remedy available to him. *Id.* at 40-41. Therefore, Appellant concludes that the PCRA court erred in dismissing his filing as untimely. *Id.* at 41.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's

- 3 -

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

Our Supreme Court has held that the PCRA statute subsumes the writ of *habeas corpus* where a remedy is available under the PCRA. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223-24 (Pa. 1999); ***see also*** 42 Pa.C.S. § 9542 (stating that a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*").

A claim that the trial court lacked statutory authority to impose a particular sentence is a challenge to the legality of the sentence. ***See Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016). A challenge to the "legality of sentence is always subject to review within the PCRA," however a PCRA petitioner "must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Fahy***, 737 A.2d at 223 (citation omitted); ***see also*** 42 Pa.C.S. § 9543(a)(2)(vii). Therefore, we conclude that the PCRA court properly construed Appellant's *habeas* petition as a subsequent PCRA petition.

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, our courts lack jurisdiction to address the merits of a challenge to the legality of the sentence. *See Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Here, Appellant's judgment of sentence became final March 13, 2008, the date on which the time to file a petition for a petition for review with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant's instant PCRA petition, filed on February 20, 2024, is facially untimely.

Further, as noted previously, Appellant did not plead and prove an exception to the PCRA time bar in his *pro se* petition. *Cf. Albrecht*, 994 A.2d at 1094. Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim and no relief is due. *See Miller*, 102 A.3d at 995-96; *see also Brown*, 111 A.3d at 175. For these reasons, the PCRA court correctly concluded that

it did not have jurisdiction to review the merits of Appellant's petition.  **_See_**

**_Lawson_**, 90 A.3d at 4.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/22/2025